UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD A. SPANN-EL, <br><br> Plaintiff, <br><br> v. <br><br> MIAMI CORRECTIONAL FACILITY WARDEN, INDIANA STATE OF, <br><br> Defendant. | CAUSE NO. 3:22-CV-604-JD-MGG |

OPINION AND ORDER

Richard A. Spann-El, a prisoner without a lawyer, began this case by filing a motion asking for a preliminary and permanent injunction. (ECF 1.) He did not use the court's approved complaint form for prisoner actions under 42 U.S.C. § 1983, which is available in his prison's law library. *See* N.D. IND. L.R. 7-6 (providing that the court can require litigants representing themselves to use clerk-supplied complaint forms). Mr. Spann-El is a frequent litigator in this court and has used the complaint form many times. In this instance, the court will overlook this procedural deficiency and treat his filing as a complaint, but he is reminded that he is expected to comply with applicable procedural rules even though he is proceeding without counsel. *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("As we have repeatedly held, even pro se litigants must follow procedural rules[.]").

Mr. Spann-El also did not pay the filing fee or move for leave to proceed in forma pauperis. Under 28 U.S.C. § 1915(g), he is barred from proceeding in forma pauperis

unless he is under imminent danger of serious physical injury because he has filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim.[1] *See Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Id.* In plain terms, only "genuine emergencies" qualify as a basis for circumventing 28 U.S.C. § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "[c]ourts don't accept allegations of danger uncritically." *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017); *see also Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010) ("[I]t has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger."). Courts "routinely" deny leave to proceed where imminent-danger allegations "are conclusory or ridiculous, or where they concern only past injuries." *Taylor*, 623 F.3d at 485 (citation and internal quotation marks omitted). Additionally, "[o]bservations about the general dangers of prison life" do not establish imminent danger under 28 U.S.C. § 1915(g). *Sanders*, 873 F.3d at 960. Were it otherwise, "the statute would not serve to curtail litigation by those who have demonstrated a propensity to make baseless or malicious claims." *Id.*

---

[1] Court records reflect that Mr. Spann-El incurred strikes in the following cases: (1) *Spann-El v. State of Indiana, et al.*, 3:20-CV-785-DRL-MGG (N.D. Ind. closed Sept. 22, 2020); (2) *Spann-El v. State of Indiana, et al.*, 3:20-CV-741-DRL-MGG (N.D. Ind. closed Sept. 3, 2020); and (3) *Spann-El v. State of Indiana, et al.*, 3:20-CV-595-DRL-MGG (N.D. Ind. closed Sept. 3, 2020).

2

Mr. Spann-El has a lengthy litigation history in this District. In September 2020, he was informed by the court that he had incurred three or more strikes for filing lawsuits that were dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915A. *See Spann-El v. State of Indiana, et al.*, 3:20-CV-806-JD-MGG (N.D. Ind. closed Nov. 5, 2020), ECF 3. Since told that he is three-struck, he has filed a spate of lawsuits in which he sought to circumvent the three-strikes provision. *See Spann-El v. State of Indiana, et al.*, 3:20-CV-1011-DRL-MGG (N.D. ind. closed Feb. 16, 2021); *Spann-El v. State of Indiana, et al.*, 3:22-CV-114-DRL-MGG (N.D. Ind. closed Mar. 15, 2022); *Spann-El v. Hall*, 3:22-CV-115-RLM-MGG (N.D. Ind. closed Mar. 16, 2022); *Spann-El v. State of Indiana, et al.*, 3:22-CV-116-RLM-MGG (N.D. Ind. closed Mar. 16, 2022); *Spann-El v. State of Indiana, et al.*, 3:22-CV-117-DRL-MGG (N.D. Ind. closed Mar. 17, 2022); *Spann-El v. State of Indiana, et al.*, 3:22-CV-450-JD-MGG (N.D. Ind. filed June 10, 2022); *Spann-El v. State of Indiana, et al.*, 3:22-CV-541-JD-MGG (N.D. Ind. filed July 13, 2022).

In five of these cases, the court concluded that he was not in imminent danger. In the #1101 case, he claimed that he was upset after seeing another inmate get stabbed and "need[ed] someone to talk to." *Spann-El*, 3:20-CV-1011-DRL-MGG, ECF 3. He was reminded that he was subject to the three-strikes provision and given an opportunity to amend his complaint if he felt he could allege that he was in imminent danger of serious physical injury. *Id.* He did not file an amended complaint, but responded by filing several motions arguing that he met the imminent danger exception. *Id.*, ECF 7. He claimed that he had helped the other inmate who was stabbed and in the process got some of the inmate's blood on his hands; he was concerned that he might have

3

contracted hepatitis, although he did not outline any symptoms he was experiencing to suggest he had a medical need that was not being adequately treated. *Id.* The court concluded that he did not satisfy the imminent danger exception. *Id.*

In early 2022, he filed four more cases asserting that he was in imminent danger. In the #114 case, he claimed he was improperly sprayed with pepper spray and denied a "detox" shower afterward. *Spann-El*, 3:22-CV-114-DRL-MGG, ECF 3. He was told that this allegation did not implicate a genuine emergency or otherwise suggest he was in imminent danger of serious physical injury at the time the case was filed. *Id.* In that case, as in past cases, he attempted to pay the filing fee with a handwritten "negotiable instrument surety bond." *Id.*, ECF 2. Mr. Spann-El appears to believe he can issue these bonds because he is a "sovereign citizen" entitled to special privileges who is not subject to laws of general applicability. He has been told more than once that such claims are patently frivolous, and that these "bonds" are not a viable means of paying the filing fee. *See Spann-El v. State of Indiana, et al.*, No. 3:20-CV-785-DRL-MGG (N.D. Ind. closed Sept. 22, 2020).

In the #115 case, he claimed that some of his legal materials were taken and he was not being given adequate pens and paper. *Spann-El*, 3:22-CV-115-RLM-MGG, ECF 3. He was again told that this type of allegation did not implicate an imminent danger of serious physical injury. *Id.* In the #116 case, he complained that prison officials housed him with a transgender inmate, which was against his "moral beliefs," and that officers used excessive force against him when he tried to avoid being housed with this inmate. *Spann-El*, 3:22-CV-116-RLM-MGG, ECF 3. The court concluded that he did not

4

establish any imminent danger of serious physical injury. *Id.* In the #117 case, he claimed that while he was in the restrictive housing unit for a period of 90 days, he was without his personal property, had his telephone access restricted, and was denied other privileges. *Spann-El*, 3:22-CV-117-DRL-MGG, ECF 3. He was again told this did not satisfy the imminent danger exception either. *Id.*

In June 2022, he filed a new lawsuit complaining about a number of issues, including that he was not being honored as a human being, had no access to the law library, was being deprived of his tablet, and could not get a response to his request for forms. *Spann-El*, 3:22-CV-450-JD-MGG, ECF 2. He was told that such allegations did not come within "shouting distance" of an imminent danger claim. *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007). However, he also claimed that he is mentally ill and suicidal and is not receiving medication or mental health treatment for these issues. The court determined that this satisfied the imminent danger exception and permitted him to proceed on a claim against the Miami Correctional Facility Warden on an official capacity claim for permanent injunctive relief. *Spann-El*, 3:22-CV-450-JD-MGG, ECF 2. The court also ordered briefing on his motion for a preliminary injunction related to his need for treatment for mental illness and suicidal ideations. *Id.*

The Warden's response to the motion—filed less than a month ago—showed that Mr. Spann-El has a history of making suicide threats and seeking mental health treatment, but when seen by a mental health provider he would deny suicidal ideations and complain about unrelated matters, such as his disagreements with custody staff, an issue with his cellmate, and his need for toilet paper and hygiene items. *Id.*, ECF 10.

5

Medical records also showed that mental health staff had evaluated him on a number of occasions and found no clinically significant signs of anxiety, cognitive issues, depression, impulse control, psychotic symptoms, mania, or suicidality. *Id.* Their professional view is that he is not suffering from mental illness and is not in need of medication. *Id.* The court denied his request for preliminary injunctive relief, concluding that he did not demonstrate a likelihood of success on his claim that he is currently receiving constitutionally inadequate treatment for an objectively serious medical condition or that he would be irreparably injured if he was not granted immediate relief. *Id.*

In mid-July 2022 (while the preliminary injunction motion in the #450 case was being briefed), he filed another lawsuit raising a host of issues, including that he was not being adequately treated for mental illness and suicidal ideations. *Spann-El*, 3:22-CV-541-JD-MGG, ECF 4. He was told that it was "malicious" for him to use the in forma pauperis statute to file lawsuits containing duplicative claims. *Id.* Nevertheless, he also claimed that he was in danger from other inmates and was not receiving adequate protection from prison staff. *Id.* The court determined that this satisfied the imminent danger exception and permitted him to proceed on a claim against the Miami Correctional Facility Warden on an official capacity claim for permanent injunctive relief related to his need for protection from other inmates. *Id.* The court also ordered briefing on his motion for a preliminary injunction, which has not yet been completed. *Id.*

6

On July 29, 2022, the present document was received for filing.[2] Mr. Spann-El again claims that he is suffering from an untreated mental illness and is suicidal. (ECF 1 at 1-2.) He claims that an incident occurred on July 12, 2022, wherein he was trying to cover his face with plastic to commit suicide, when a correctional officer sprayed him with pepper spray. (*Id.*) The officer asked him if he wanted a "detox shower" but he originally declined because he was in an "unhealthy mental state." (*Id.*) He later changed his mind and asked for detox shower; it can be discerned that he was given one, but he complains that there was "black mold everywhere" in the shower. (*Id.*) He also apparently dropped his clothing in the shower and complains that he was placed back in his cell naked, but states that he was later given a "kimono suit." (*Id.*) He further claims that he was escorted back to his cell barefoot, during which time he stepped in bird droppings. (*Id.* at 4.) Based on these events, he sues the prison itself, seeking monetary damages and injunctive relief in the form of a "TRO on MCF employees & nursing staff." (*Id.*)

Except for the issue of his mental health treatment and alleged suicidal ideations, all of the issues he raises relate to past injury and do not implicate an imminent danger of serious physical injury. As for the issue of his mental health treatment and alleged suicidal ideations, he is already proceeding on a claim in the #450 case related to these issues. It is malicious for him to use the in forma pauperis statute to file lawsuits containing duplicative claims. *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003);

---

[2] Mr. Spann-El signed and dated the filing, but the date is illegible. (ECF 1 at 3.)

*see also Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (federal suit may be dismissed when it duplicates claims in another pending lawsuit). He was told as much in the #541 case only two weeks ago.

Based on the above, Mr. Spann-El has not established that he meets the imminent danger exception with respect to the allegations in his complaint. Therefore, he may not proceed in forma pauperis in this case and must instead pay the full filing fee if he wishes to proceed further. Furthermore, as outlined in detail, his recent complaints have been duplicative and have abused the judicial process, in that he has repeatedly tried to sue over issues that do not involve an imminent danger of serious physical injury, despite the court instructing him on several occasions what type of allegations satisfy the imminent danger exception. Additionally, internal court record reflect that Mr. Spann-El presently owes $4,458 in unpaid filing fees.

Mr. Spann-El is cautioned that the Seventh Circuit requires litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed in forma pauperis after they have been informed that they are barred from doing so. The litigant can be subject to a filing bar, outlined by the Seventh Circuit as follows:

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his

confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Mr. Spann-El will not be restricted at this time, because he informed the court he is three struck and argued he was in imminent danger. However, he has made these claims repeatedly in the past two years in several cases where there was no imminent danger. He is now on full notice of what showing is required to establish imminent danger: <u>a real and proximate threat of serious physical harm.</u> Should he again seek leave to proceed in forma pauperis without alleging a genuine emergency implicating his physical safety, or again assert claims that duplicate those raised in another lawsuit, he will be subject to sanctions, up to and including imposition of a filing bar as outlined by the Seventh Circuit in *Sloan*. Even if he does not formally move for leave to proceed in forma pauperis, his failure to submit full payment of the filing fee with any complaint that does not meet the imminent danger exception will be construed as an attempt to "bamboozle" the court. His submission of a handwritten "negotiable instrument surety bond" will be interpreted the same way.

For these reasons, the court:

(1) GRANTS the plaintiff until **August 31, 2022**, to pay the $402 filing fee in full;

(2) CAUTIONS him that if he does not pay the filing fee by that date, this case will be dismissed without prejudice for non-payment of the filing fee; and

(3) CAUTIONS him that if he files any new complaint that does not allege an imminent danger of serious physical injury or which duplicates allegations presented in

another lawsuit without prepayment of the full filing fee, this will be grounds for imposing a filing bar in accordance with *Sloan v. Lesza*, 181 F.3d 857 (7th Cir. 1999), until such time as he has paid all of his outstanding filing fees.

    SO ORDERED on August 2, 2022

                                        /s/JON E. DEGUILIO  
                                        CHIEF JUDGE  
                                        UNITED STATES DISTRICT COURT